# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | |
|---|---|
| **WANDA WILLIAMS** ) | |
| ) | |
| **Plaintiff:** ) | |
| ) | |
| vs. ) | Case No.: _____ |
| ) | |
| **AJP, LLC d/b/a SUPER 8 HOTEL** ) | |
| **PRAVINKUMAR PATEL,** ) | |
| **Individually** ) | **JURY DEMAND** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff Wanda Williams, (hereinafter "Plaintiff " or "Williams"), by and through her undersigned counsel of record, files this lawsuit against Defendants AJP, LLC d/b/a Super Eight Hotel (hereinafter "Defendant" or "AJP") and Pravinkumar Patel, individually, (hereinafter "Defendant" or "Patel") pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA" or Act"). Specifically, Plaintiff seeks to recover for Defendants' violations of the Act and hereby states and alleges as follows:

## NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard

wages and oppressive working hours, and labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA to recover from Defendants' base pay compensation, overtime compensation, liquidated damages and reasonable attorneys' fees and costs in accordance with the Act and 29 U.S.C.§ 216(b).

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended, 29 U.S.C. §§ 201, et seq., to recover unpaid wages, unpaid overtime compensation, an additional equal amount as liquidated damages and

reasonable attorneys' fees and costs.

5. Defendants are subject to personal jurisdiction in this district and division as they regularly conduct business in the State of Alabama through their businesses, including the one where Plaintiff was employed. At all times relevant to this case, Defendants were and have been an enterprise engaged in commerce as defined by §203(s)(1) of the Act.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims, occurred in and around St. Clair County, Alabama.

## PARTIES

7. Plaintiff, Wanda Williams, was an hourly, non-exempt housekeeping and maintenance worker employed by Defendants to perform housekeeping and maintenance tasks for Defendants' business.

8. Ms. Williams currently resides in Jefferson County, Alabama, and she is over the age of nineteen (19).

9. Defendant AJP, LLC d/b/a Super Eight Hotel (hereinafter "AJP" or "Defendant") is an Alabama Limited Liability Company that operates and conducts business in and around St. Clair County, Alabama. AJP is registered with the Alabama Secretary of State as entity ID number 688-588.

10. AJP is a business which operates a hotel located at 2451 Moody Pkwy, Moody, AL 35004.

11. Defendant, Pravinkumar Patel, is an individual who, upon information and belief, lives and resides in the State of Alabama, and conducts business in St. Clair County, Alabama.

12. At all relevant times, Patel was an individual resident of the State of Alabama who owned and operated AJP, and who regularly exercises the authority to: (a) hire and fire employees of AJP; (b) determine the work schedules for AJP's employees; and (c) control the finances and operations of AJP; and, by virtue of having regularly exercised that authority on behalf of AJP, Patel is an employer as defined by 29 U.S.C. §201, et seq.

13. At all material times hereto, Plaintiff was employed by Defendants in St. Clair County, Alabama, from May 2012 through the end of January 2019.

14. Plaintiff submits her written consent to become a party plaintiff to this lawsuit pursuant to 29 U.S.C. §216(b). Attached hereto as "Exhibit A."

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

15. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendants which deprived Ms. Williams of her lawful

wages.

16. Defendants have had a uniform policy and practice of consistently requiring its non-exempt employees to work over forty (40) hours per week for a live-in credit without being paid.

17. At all material times hereto (May 2012 through the end of January 2019), Defendants employed Ms. Williams, including suffering or permitting Ms. Williams to work as defined by 29 U.S.C. §203(g).

18. From May 2012 through the end of January 2019, Ms. Williams was an "employee" within the meaning of the FLSA.

19. From May 2012 through the end of January 2019, Defendants were the "employer" as defined by Section 203(d) of the FLSA.

20. From May 2012 through the end of January 2019, Ms. Williams was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

21. From May 2012 through the end of January 2019, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

22. At all relevant times stated herein, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

23. At all material times, Defendants employed two (2) or more employees

engaged in interstate commerce and that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

24. At all material times stated herein, Ms. Williams was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

      a. Operated instrumentalities of commerce;
      b. Transported goods in commerce;
      c. Used channels of commerce;
      d. Communicated across state lines; and/or
      e. Performed work essential to any of the preceding activities.

25. The work performed by Plaintiff from May 2012 through the end of January 2019 was directly essential to Defendants' operations and strategy.

26. Ms. Williams was never paid a flat hourly rate or minimum wage during her employment.

27. Ms. Williams was not paid any overtime compensation, despite the fact that she worked well over the required forty (40) hours a week to entitle her to overtime pay at time and one-half for all hours worked over forty (40) hours each week.

28. From May 2012 through the end of January 2019, Defendants intentionally failed and/or refused to pay Ms. Williams according to the provisions

of the FLSA.

29. In doing so, Defendants failed to make a good faith effort to comply with FLSA and 29 U.S.C. §§ 201-209, because Ms. Williams performed services for Defendants for which no provisions were made by Defendants to properly compensate Ms. Williams for the hours she worked.

30. Ms. Williams was closely monitored and supervised by Defendant AJP and Patel.

## FACTS

31. Defendant AJP is a privately owned hotel services company headquartered in St. Clair County, Alabama, that provides hotel guest rooms and hospitality services for individuals and companies.

32. Patel controlled the finances and operations of AJP and, by virtue of having regularly exercised that authority on behalf of AJP, Patel is an employer as defined by 29 U.S.C. §201, et seq.

33. Defendants earned at or above Five Hundred Thousand Dollars ($500,000.00) in annual gross sales or business during the relevant time period the subject of Ms. Williams' Complaint.

34. On or around May 2012, Ms. Williams was homeless and disabled, but she had enough money to pay for a room at Defendants' Moody, Alabama, location.

35. Shortly after Ms. Williams rented her room, Defendants approached Ms. Williams and told her that they needed a laundry person to help with housekeeping and small routine maintenance issues.

36. In turn, Ms. Williams applied for and accepted the position at Defendants' Super Eight Hotel location in Moody, Alabama.

37. AJP told Ms. Williams' that her initial compensation would be for "free lodging" and it stated that wages would be discussed after she completed her first work week.

38. Ms. Williams completed the first week without issue and requested her pay.

39. Defendants refused to discuss Ms. Williams' compensation.

40. Instead, Defendants responded to Ms. Williams' reasonable requests by threatening her with eviction and exploiting her homelessness.

41. Ms. Williams continued to work as Defendants' housekeeper and maintenance worker from May 2012 through January 2019.

42. At all times, Ms. Williams' job classified her as an hourly, non-exempt employee, and she should have been paid at least minimum wage for all hours worked and time-and-one-half her regular rate of pay for all hours over forty (40) worked in a work week.

43. Since being employed by Defendants, Ms. Williams routinely complained about not receiving compensation for the amount of hours she worked.

44. During Ms. Williams' tenure, Defendants assigned Ms. Williams to a single room that they could not rent to customers.

45. At all relevant times, the "free lodging" Defendants provided Ms. Williams did not comply with federal, state, and local housing laws due to its condition and the presence of black mold.

46. By way of representation and not limitation, the assigned room did not comply with federal, state, and local laws for the following reasons:(1) black mold was present on the walls, ceiling, windows, light fixtures, plumbing fixtures, storage areas, and floor; (2) the room's HVAC unit leaked condensation directly into the assigned room due to it lacking the required outside condensation drain line; (3) the bathroom sink and plumbing fixtures were not properly secured and/or were inoperable; (4) the bathroom did not have an exhaust fan necessary to mitigate any presence of mold or mildew; (5) the room's condition did not comply with the fire code regulations because its window was sealed and secured shut; and (7) the room lacked the appropriate locks to secure the room and Ms. Williams' possessions.

47. As such, the "free lodging" Ms. Williams was provided primarily benefitted Defendants because the room could not be rented out.

48. AJP Hotel had approximately forty-eight (48) rooms that they rented out at $72.00 per day.

49. Ms. Williams was one of three housekeepers employed by Defendants.

50. Defendants required two housekeepers to work per shift.

51. The other housekeepers were paid approximately $25.00 per day and/or $3.00 per room for the rooms they were assigned to clean, as well as "free lodging."

52. Defendants required Ms. Williams to report for work by 9:00 a.m. and she worked an average of seven (7) days per week.

53. Defendants also required Ms. Williams to be on call twenty-four (24) hours per day, seven (7) days per week.

54. At all relevant times, Ms. Williams was required to remain on the hotel property and/or give notice to Defendants when she wanted to leave Defendants' property.

55. In addition to her housekeeping duties, Ms. Williams also performed the following maintenance tasks for Defendants at a rate of 3-4 hours per day: (1) caulking; (2) repairing bathrooms; (3) repairing mattresses and bedding; (4) cleaning carpets and padding; (5) parking lot clean up; and (5) repair room fixtures and windows.

56. Defendants did not allow the live-in housekeeping workers to take shift

breaks and/or meal breaks.

57. Defendants never compensated Ms. Williams for the hours she worked during a given work week at the rate of minium wage, minus the reasonable live-in credit permitted by Section 3(m) of the FLSA.

58. In addition to set average of nine (9) overtime hours Ms. Williams worked weekly, she was regularly engaged to wait while on premises as Defendants' live-in employee, including overnight and on weekends.

59. Despite this, Defendants never paid Ms. Williams for the overtime hours she worked over forty (40) hours per workweek at time-and-one-half the federally regulated rate.

60. Defendants compensated non-lodging workers at a base hourly rate of $7.25 or greater.

61. Defendants did not include the compensation for lodging in calculating Ms. Williams' pay.

62. Defendants did not include the compensation for lodging in calculating Ms. Williams' base compensation at the overtime rate of time and a half for hours she worked over forty (40) hours per work week.

63. Nonetheless, Defendants deducted **ALL** of Ms. Williams' compensation per week for the non-compliant "free lodging" they provided.

## COUNT I

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. §201 et seq.
### (Brought Against All Defendants)

Plaintiff adopts by reference each and every material averment contained paragraphs 1 through 63 above as if fully set forth herein.

64. Defendants improperly accounted the value of housing provided to Ms. Williams toward Defendants' wage obligations under the FLSA.

65. Defendants' pay practices violated the FLSA's minimum wage and overtime provisions.

66. Defendants required Ms. Williams to live on the employers' premises to meet the business needs of the employer.

67. Defendants expected Ms. Williams to provide assistance through the day and/or night.

68. Defendants did not define any specific periods of time that Ms. Williams was completely relieved of any duties.

69. In addition to the overtime hours she worked, Ms. Williams was engaged to wait to work while on Defendants' premises, including overnight and on weekends.

70. Defendants never provided Ms. Williams any wage records.

71. Defendants did not issue wage records showing on a work week basis

the pay owed to Ms. Williams for hours employed as required by law.

72. Defendants failed to provide wage records showing how the additions or deductions for lodging affected the total cash wages owed to Ms. Williams as required by law.

73. Such failure to account for, deduct, and provide records violates Section 3(m) of the FLSA.

74. Defendants failed to provide reasonable lodging for Ms. Williams during her employment as Defendants' housekeeping worker.

75. Defendants improperly claimed credit for lodging exceeded the "reasonable cost" and "fair value" of facilities furnished.

76. Defendants improperly claimed credit for lodging for Ms. Williams's share of the housing.

77. Due to improperly claiming the lodging credit and excessively overvaluing the lodging provided to Ms. Williams, Defendants are disqualified from claiming any credit for the lodging toward Plaintiff's wages.

78. Defendants improperly claimed the lodging as credit toward their wage obligations because they failed to take the claimed value of lodging when calculating the hourly rates for Ms. Williams in a given week.

79. Defendants' pay practices failed to satisfy their minimum wage

obligations to Ms. Williams.

80. Defendants' pay practices failed to satisfy their overtime compensation obligations to Ms. Williams.

81. Defendants failed to satisfy the prerequisites for claiming lodging toward its wage obligations for Ms. Williams.

82. Defendants' violations of the FLSA were willful.

83. Defendants' violations of the FLSA were not based on good faith.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that Defendants' acts and practices complained of herein are in violation of the FLSA;

b. Awarding Plaintiff her base rate compensation for all hours worked during the work week at the rate of at least $7.25 per hour;

c. Awarding Plaintiff overtime compensation for time worked in excess of forty (40) hours per work week at the rate of one-and-one-half Plaintiff's base rate of pay;

d. Awarding Plaintiff liquidated damages in the amounts equal to the back pay and overtime pay award;

  e. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

  f. Awarding Plaintiff pre-judgement interest;

  g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated, this the 11th Day of October, 2019.

        RESPECTFULLY SUBMITTED,

        *s/ Daniel Patrick Evans*
        Daniel Patrick Evans
        ASB-3209-R67G
        The Evans Law Firm, P.C.
        1736 Oxmoor Road, Suite 101
        Birmingham, Alabama 35209
        Telephone: (205) 870-1970
        Fax: (205) 870-7763
        E-Mail: dpevans@evanslawpc.com

        *s/ Leslie Palmer*
        Leslie Palmer
        ASB-0436-L40P
        Palmer Law, LLC
        104 23rd Street South, Suite 100
        Birmingham, AL 35233
        E-mail: leslie@palmerlegalservices.com
        Tel: (205) 285-3050
        Fax: (205) 386-4383
        ***Attorneys for the Plaintiff***

**Defendants' Addresses:**

**SERVE BY CERTIFIED U.S. MAIL**

AJP, LLC
Registered Agent:
Pravinkumar Patel
2451 Moody Parkway
Moody, Alabama 35004

Pravinkumar Patel
2451 Moody Parkway
Moody, Alabama 35004

# EXHIBIT A

## CONSENT TO BECOME PARTY PLAINTIFF
## PURSUANT TO THE FAIR LABOR STANDARDS ACT

Pursuant to 29 U.S.C. §216(b) I submit my written consent to become a party plaintiff vindicate and obtain the liability owed to me under the Fair Labor Standards Act Lawsuit.

**Print Name:** _Wanda_ _____ _Ann_ _____ _Williams_ _____
                (First Name)           (Middle Name)        (Last Name)

**Signature:** _Wanda Ann Williams_